IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAFI, INC., | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-4217 |
| FAIRGATE TRUST, et al., | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case arises from a constable's execution sale of a property that KAFI, Inc. owned. KAFI challenges a junior lien deed of trust that encumbered the property when KAFI purchased it. KAFI seeks declaratory relief, including that it is the prevailing party; that the deed of trust is null and void and of no effect; that no defendant has an enforceable lien interest against the property; that all adverse claims to the real property are denied; that defendants have no right or interest to the property; and that, alternatively, KAFI is entitled to redemption. (Docket Entry No. 1-4 at 9–15, 19). KAFI asks for a permanent injunction preventing interference with its status as superior lien holder. (*Id.*).

Mortgage Electronic Registration Systems, Inc. ("MERS") has moved to dismiss on the ground that it has no current interest in the property or loan. (Docket Entry No. 13). KAFI responds that the sale implicated MERS because it is referred to in the Deed of Trust as the "nominee" for the lender, successors, and assigns. (Docket Entry No. 15 at 2–3).

The lawsuit seeks to quiet title by removing the lien at issue from the title record as barred by limitations and precluded by a broken chain of assignments. (Docket Entry No. 1-4 at 11–13).

KAFI seeks a declaration that MERS and others lack standing to foreclose or transfer the property. (*Id.* at 10–11). MERS's claim against the property is based on the fact that it is named as a nominal beneficiary of the Deed of Trust and a statutory "mortgagee." (Docket Entry No. 15 at 2).

As KAFI points out, the fact that MERS assigned the loan to Trinity Financial Services and does not claim a present interest in the property does not affect MERS's present dispute with KAFI. (*Id.* at 3). MERS is "an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans." *Lee v. BAC Home Loans Serving, LP*, 2014 WL 2507661, at *1 n.1 (Tex. App.—Houston [1st District.] 2014, no pet.) (citing *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 659 F. Supp. 2d 1368, 1370 (J.P.M.L. 2009). MERS's role as the "beneficiary" of the Deed of Trust "solely as nominee for Lender and Lender's successors and assigns," gives it the "right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing, cancelling, or assigning this security instrument." (Docket Entry No. 15 at 3).

Because MERS was named in the Deed of Trust as beneficiary, solely as nominee for the lender and the lender's successors and assigns, MERS is the nominal beneficiary of the Deed of Trust on behalf of any valid successor and assign of the original lender. The Deed of Trust does not state that a MERS assignment nullifies MERS's status as nominal beneficiary. The borrower and MERS agreed that MERS would always be the nominal beneficiary of the deed of trust, with the right to foreclose, including on behalf of any valid successor or assign of the original lender. *Santarose v. Aurora Bank FSB*, 2010 WL 2232819, at *5 n.44 (S.D. Tex. 2010). A subsequent assignment from MERS to Trinity is irrelevant to the disputes involving MERS and KAFI.

If MERS was no longer the nominal beneficiary of the Deed of Trust after the assignment, MERS could still be a statutory mortgagee under the Texas Property Code, which could authorize

2

another party to service the loan and foreclose, even if MERS was not the note owner. *See Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3 (E.D. Tex. 2011).

The alternatives disclosed by the record lead to the conclusion that MERS would be affected by the requested relief of a temporary restraining order and temporary injunction so that MERS is an interested and proper party in this quiet title or declaratory judgment proceeding. MERS's motion to dismiss is denied. (Docket Entry No. 13).

SIGNED on February 13, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge