United States District Court
Southern District of Texas
**ENTERED**
August 15, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAFI, INC., | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-4217 |
| FAIRGATE TRUST, et al., | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.     Background**

In December 2005, Javier Martinez purchased a home in Houston, Texas. He paid for the home, in part, with a promissory note in the principal amount of $29,000, secured by a deed of trust. (Docket Entry No. 24-1).

After a decade, Mr. Martinez's mortgage payments were in arrears. On several dates between 2016 and 2019, Mr. Martinez was sent notices that the deed of trust would be foreclosed and his property would be sold at a "substitute trustee sale." (Docket Entry Nos. 24-4, 24-5, 24-6, 24-7). In November 2016, Mr. Martinez was sent a notice of default and intent to accelerate. (Docket Entry No. 24-27). In June 2018, he was sent a notice of acceleration and notice of posting and foreclosure. (Docket Entry No. 24-28). In June 2021, Mr. Martinez entered into a loan modification agreement with the lender. (Docket Entry No. 21-6).

In March 2023, Mr. Martinez's homeowners' association sued him for unpaid dues. (Docket Entry No. 24-19). The 269th Judicial District Court of Harris County issued an agreed

final judgment for foreclosure against Mr. Martinez. (Docket Entry No. 24-20). In October 2023, Kafi, Inc. purchased the home at the foreclosure sale for $36,071. (Docket Entry No. 24-21).

Fairgate Trust is the current assignee of the deed of trust. In November 2023, Kafi sued Fairgate, Allied Servicing Corporation, and Mortgage Electronic Registration Systems, Inc. in Texas state court, asserting causes of action for (1) quiet title, (2) a declaration that the defendants lack standing to foreclose on the property, and (3) a declaration that the statute of limitations has run because a foreclosure sale did not take place under the deed of trust within four years of acceleration. (Docket Entry No. 1-4). The defendants removed to this court on the basis of diversity jurisdiction. (Docket Entry No. 1).

In June 2024, the defendants moved for summary judgment. (Docket Entry No. 21). Kafi responded and cross-moved for summary judgment. (Docket Entry No. 24). The defendants replied. (Docket Entry No. 26).

Based on the record, the briefs, and the applicable law, summary judgment is granted for Kafi and denied for the defendants. The reasons are set out below.

## II.   The Rule 56 Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence

"which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial.'" *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

**III.    Analysis**

A secured lender must sue for the foreclosure of a real property lien "not later than four years after the day the cause of action accrues." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (quoting TEX. CIV. PRAC. & REM. CODE § 16.035(a)).  If the note or deed of trust secured by real property has an optional acceleration clause, the cause of action accrues "when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).  To exercise the option, the note holder must send "both a notice of intent to accelerate and a notice of acceleration." *Boren*, 807 F.3d at 104 (citing *EMC Mortg. Corp. v Window Box Ass'n, Inc.*, 264 S.W.3d 331, 335–36 (Tex. App.—Waco 2008, no pet.).  "So long as it is preceded by the required notice of intent to accelerate, notice of a trustee's sale constitutes unequivocal action indicating the debt is accelerated." *Karam v. Brown*, 407 S.W.3d 464, 470 (Tex. App.—El Paso 2013, no pet.).

The parties do not dispute that Fairgate accelerated the loan a number of times.  The parties dispute whether the accelerations were abandoned, by agreement or other party action.  If an acceleration has been abandoned, the limitations period generally restarts. *Boren*, 807 F.3d at 103–06; *Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*, 648 Fed. App'x. 414, 418 (5th Cir. 2016). Acceleration can be abandoned "either through joint action with the borrower, or through its own, unilateral action, which effectively restores the note's original maturity date." *Deutsche Bank Nat'l Tr. Co. v. Anthony*, No. 4:19-CV-688, 2021 WL 8016157, at *5 (S.D. Tex. Feb. 22, 2021) (quoting reference omitted).  "A lender can unilaterally abandon acceleration 'through notice to the borrower that expressly states the holder is abandoning the acceleration.'" *Id.* (quoting *Pitts v. Bank of N.Y. Mellon Tr. Co.*, 583 S.W.3d 258, 262–63 (Tex. App.—Dallas 2018, no pet.).  A lender can also abandon acceleration if it "continues to accept payments without exacting any remedies

4

available to it upon declared maturity." *Bitterroot*, 648 Fed. App'x at 418 (quoting *Holy Cross*, 44 S.W.3d at 566–67). If acceleration is not abandoned, and foreclosure does not occur within four years, the lender's real property lien and power of sale to enforce the real property lien become void. *Bitterroot Holdings, LLC v. Bank of New York Mellon*, No. SA-14-CA-0804-FB, 2016 WL 11478282, at *8 (W.D. Tex. Nov. 14, 2016), *report and recommendation adopted*, No. 14-CV-804 (RCL), 2017 WL 10181041 (W.D. Tex. Aug. 4, 2017); TEX. CIV. PRAC. & REM. CODE §§ 16.035(b), (d).

According to Kafi, the note was accelerated in January 2016, January 2017, June 2018, and September 2019. (Docket Entry No. 24 at 10). On these dates, Mr. Martinez was sent notices that the deed of trust would be foreclosed and his property would be sold at a "substitute trustee sale." (Docket Entry Nos. 24-4, 24-5, 24-6, 24-7).

Kafi alleges in its complaint, "[u]pon information and belief, [that] the January [] 2016 acceleration was preceded by a notice of intent to accelerate." (Docket Entry No. 1-4 at ¶ 58). But there is no evidence in the summary judgment record that this notice was given. The lack of evidence means that, as a matter of law, the note was not accelerated in January 2016. *See Karam*, 407 S.W.3d at 470. By contrast, the January 2017 notice of foreclosure was preceded by a November 2016 notice of intent to accelerate, meaning that Kafi effectively accelerated the note. *See id.*

Fairgate argues that the January 2017 acceleration was abandoned before the four-year limitations period expired because Mr. Rodriguez made note payments that the lender accepted in February 2017 and June 2019. (Docket Entry No. 26 at 3). As evidence of the note payments, Fairgate relies on the declaration of Dennis Lanni, the "Trustee for Fairgate Trust." (Docket Entry No. 21-1 at ¶ 1). According to Mr. Lanni, "The Loan Records indicate that Borrower's payments

were sporadic but that Borrower made payments that were accepted and applied to the Loan balance by the then lender on February 6, 2017 and again on June 6, 2019." (*Id.* at ¶ 8). Mr. Lanni states that the "[e]ntries in the Loan Records are made at the time of the events and conditions they describe either by people with first-hand knowledge of those events and conditions or from information provided by people with such first-hand knowledge," and that "[t]he Loan Records are maintained in Fairgate's regular course of business." (*Id.* at ¶ 2). However, Mr. Lanni adds a caveat: "To the extent that the business records of the loan in this matter were created by a prior servicer, the prior servicer's records for the loan were integrated and boarded into Fairgate's systems, such that the prior servicer's records concerning the loan are now part of Fairgate's business records." (*Id.* at ¶ 3).

Kafi objects to Mr. Lanni's statement about the February 2017 and June 2019 payments on hearsay and best evidence grounds. (Docket Entry No. 24 at 15). Mr. Lanni's statement about what the "Loan Records indicate" is hearsay. *See* FED. R. EVID. 801(c). Mr. Lanni attempts to establish that the Loan Records fall within the hearsay exception for "records of a regularly conducted activity," *see* FED. R. EVID. 803(6), but Fairgate has not produced the records of the payments as summary judgment evidence. His declaration about the records, without the records themselves, does not satisfy the hearsay exception as needed for competent summary judgment evidence.

Fairgate next argues that the 2017 acceleration was abandoned by the June 2021 loan modification agreement. (Docket Entry No. 21 at 7). But June 2021 is over four years from the January 2017 acceleration and accrual date, so the loan modification agreement could not have abandoned the 2017 acceleration. The lien and power of sale to enforce the lien became void in

January 2021. *See* TEX. CIV. PRAC. & REM. CODE 16.035(d). Because Fairgate did not abandon the acceleration before January 2021, foreclosure is barred by the statute of limitations.

## IV.     Conclusion

Summary judgment is granted for Kafi on its claims for quiet title and for a declaratory judgment that foreclosure is barred by the statute of limitations. The court does not reach Kafi's standing challenge. Kafi must submit a proposed final judgment by **August 30, 2024**.

SIGNED on August 15, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge