**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KAFI, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| **FAIRGATE TRUST; ALLIED** | § | CIVIL ACTION NO. 4:23-cv-04217 |
| **SERVICING CORPORATION; AND** | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEMS, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

**<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION</u>**

Comes now, Plaintiff, Kafi, Inc. ("Kafi" or "Plaintiff"), and files this Response in Opposition to Fairgate Trust and Allied Servicing Corporation's ("Defendants") Motion for Reconsideration (Docket #29), and would respectfully show the Court:

**I. <u>Introduction</u>**

This lawsuit involved a property at 14826 El Grande Drive, Houston, TX, owned by Kafi, Inc. following a constable's execution sale. Kafi challenged the validity and enforceability of a junior lien deed of trust (the "Loan") encumbering the property at the time of Kafi's purchase. Kafi sought a declaration that Defendants, together with co-defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), lack standing to foreclose on the property due to expiration of the statute of limitations to foreclose and a broken chain of title. Kafi sought declaratory judgment to quiet title and to permanently enjoin any foreclosure actions related to the property under the Loan.

The parties filed cross motions for summary judgment, and on August 14, 2024 the Court issued its Memorandum and Opinion finding that foreclosure was precluded by the statute of limitations based on a January 2017 acceleration and granted summary judgment in favor of Kafi. In their motion for reconsideration, Defendants complain about the court's ruling that affidavit testimony regarding acceptance of partial mortgage payments constituted hearsay. Defendants also complain that one of their arguments "was not addressed by the court." There is no reason for the court to change its opinion since there is no manifest error of law or fact.

## II. Argument and Authorities

### A. Standard of Review

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions to reconsider. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir. 1997). Under the federal standard, motions to reconsider are considered motion to alter or amend judgment and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

Such motions are neither a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," nor are they proper to re-litigate matters that have been resolved to the dissatisfaction of the movant, giving a party a second bite at the apple. *See Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004); *see also Caviness v. Atwood,* 2012 U.S. Dist. LEXIS 16785 at *5-6 (S.D. Miss. 2012) ("Indeed, if a party is allowed to address a court's reasons as to

why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider.").

**B.      The Affidavit Testimony was Properly Excluded**

Defendants argue that the court erred is sustaining Kafi's hearsay objection to the loan records custodian testifying that partial payments were accepted without actually attaching the loan records relied upon in making that testimony. The court did not err. *See U.S. v. Marshall*, 762 F.2d 419, 426 (5th Cir. 1985) (Where Government did not offer record itself into evidence, but rather, offered testimony as to contents of those records, hearsay objection was good as to witness's testimony as to contents of record.)

Defendants cite many cases in an attempt to convince the court that its ruling was incorrect. However, none of the cases are on point. Defendants cite *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) for the proposition that "personal knowledge may also be inferred from the affiant's position with the company." The *DIRECTV* decision allowed, in the absence of an explicit statement of personal knowledge, the use of affidavits based on personal knowledge inferred from the affiant's position within the company. *Id*. Nothing in *DIRECTV* sanctioned affidavit testimony as to what business records said without production of the records themselves. In fact, business records and hearsay were not even discussed in *DIRECTV*.

Defendants cite *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000) and *Lehman v. Select Portfolio Servicing, Inc.*, No. 4:13-CV-720, 2015 WL 123868, at *2 (E.D. Tex. Jan. 7, 2015) for the proposition that "a custodian of records is competent to testify from the business records as a corporate representative." *Love* involved issues of fraudulent

insurance claims where the specifics of the insurance claims and the details of the alleged fraud were directly relevant to the RICO charges being addressed. 230 F.3d at 775. In *Love*, the affidavit provided by Rogers was deemed adequate mainly because it related directly to the business records he managed and was qualified to discuss, coupled with the attachment of a detailed summary of voluminous data that was available for inspection, ensuring transparency and verifiability. *Id.* at 776. In the current case, the custodian's testimony regarding the acceptance of partial payments lacks the backing of actual payment records or any similar summary documentation that could be scrutinized independently by the parties and the court. Furthermore, nothing about the actual payment records is alleged to be voluminous, like in *Love*.

*Lehman* was a case challenging the standing of a loan servicer to engage in foreclosure under Texas law. 2015 WL 123868, at *1. *Lehman* had nothing to do with the statute of limitations. *Lehman* notes that "Plaintiff objects to paragraphs 5, 6, 7, and 8 of the Affidavit of Select Portfolio Servicing, Inc." on the basis that "he has no personal knowledge for the statements made in the objectionable paragraphs of this affidavit." *Id.*, at *2. *Lehman* did not actually say what those paragraphs said. The court also noted "Plaintiff does not object to Syphus providing the necessary foundation to qualify the records as business records." *Id*. *Lehman* is not applicable because there is no discussion of a hearsay objection in the context of a custodian testifying as to what records say without actually attaching those records.

Defendants also cite to *Crear v. Select Portfolio Servicing Inc.*, 760 F. App'x 291, 295, 2019 WL316758 (5th Cir. 2019) and *Rippy v. Deutsche Bank Nat'l Tr. Co.,* No. SA-

13-CA-730-OLG, 2014 WL 12489685, at *7 (W.D. Tex. Aug. 11, 2014).  Like *Lehman*, these cases are inapplicable because the affiant testified as to what the actual records attached to the affidavit indicated. In the current case, the affiant testified as to what the records indicated, *but the records themselves were not attached to the affidavit*.

Defendants also cite several cases for the proposition that a prior servicer's records can be incorporated into the current servicer's business records if it is in the normal course of business for the current servicer to rely on the prior servicer's records.[1] These cases are inapposite. The issue is not whether Defendants could have attached loan records from a prior servicer as their own business records. The issue is whether a records custodian can testify as to what records say without attaching them. None of the cases cited by Defendants related to using a prior servicer's business records allow for affidavit testimony of what the records say without actually attaching them under the proper foundation.

Grasping at straws, Defendants argue that the 2021 trial plan document and Mr. Lanni's statement that the Loan was past due for the March 1, 2022 payment demonstrate some evidence of payments made post-January 2017. Mr. Lanni's testimony about the borrower being past due as of March 1, 2022 does not directly indicate that any payments were actually made and accepted during the critical period between 2017 and 2021.

---

[1] *Powe v. Deutsche Bank Nat'l Tr. Co. for Residential Asset Securitization Tr. Series 2004-A7 Mortg. Pass-Through Certificates 2004-G*, No. 415CV00661ALMCAN, 2017 WL 9250372, at *3 (E.D. Tex. July 6, 2017), report and recommendation adopted, No. 4:15-CV-661, 2017 WL 4784379 (E.D. Tex. Oct. 24, 2017); *Cline v. Deutsche Bank Nat'l Trust Co.*, No. 3:14-CV-1565-D, 2015 WL 4041791, at *3 (N.D. Tex. July 2, 2015); *Crear v. Select Portfolio Servicing Inc.*, 760 F. App'x 291, 295, 2019 WL 316758 (5th Cir. 2019); *Rippy v. Deutsche Bank Nat'l Tr. Co.*, No. SA-13-CA-730-OLG, 2014 WL 12489685, at *7 (W.D. Tex. Aug. 11, 2014); *Stadtman v. Deutsche Bank Nat'l Tr. Co.*, 2023 WL 2926461 at *4 (Tex. App.-Dallas Apr. 13, 2023, no pet. h.).

Statements about payments being due – or past due – do not constitute evidence of accepted partial payments. A claim of abandonment must be supported by direct evidence detailing the nature of the interactions and transactions that would lead a reasonable borrower to believe that the lender has elected to forsake the previously accelerated debt. Indirect inferences built upon other inferences do not constitute actual evidence of abandonment.

Lastly, Defendants argue that the equities of the statute of limitations issues favor them because Kafi purchased the property for "pennies on the dollar" at an HOA sale, subject to Defendants' lien, thereby seeking a windfall at Defendants' expense. This argument is flawed and fails to acknowledge critical legal and factual contexts. Defendants' claim that Plaintiff obtained the property for "pennies on the dollar" inaccurately portrays the nature of the transaction and the legal implications of the purchase. Plaintiff's purchase at the HOA sale was subject to not only Defendants' lien but also a senior lien. The purchase price paid by Kafi at public auction reflects the market's assessment of the value of the property subject to existing liens. This is not merely a speculative lowball purchase but a calculated investment that came with substantial risk, including significant financial obligations tied to the senior lien.

Defendants emphasize that the non-party Borrower has not challenged the statute of limitations and has accepted various accommodations. Defendants offer no such evidence, but even assuming this is true, these points are legally irrelevant to the issues at hand. The statute of limitations is designed to set a legal time limit within which actions must be brought to court. This right can be asserted by any party with a legal interest in the matter, not just the original borrower. Equitable considerations support the application of the

statute of limitations to prevent parties from reviving dormant claims that disrupt settled transactions and property rights. Kafi's reliance on the statute of limitations contributes to the legal certainty and stability of property transactions.

C.     **The Court was Under no Obligation to Address Each and Every Argument**

Defendants argue that their argument related to an alleged "acknowledgement of the debt" was not addressed by the court. Defendants then rehash the same arguments they already briefed to the court. But the court was not required to address each and every argument. *See Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (holding that an opinion does not necessarily have to respond to every argument).

D.     **The "Acknowledgment of the Debt" Argument Fails**

Even if the court mistakenly failed to consider Defendants' "acknowledgement of the debt" argument, the argument is not convincing. This issue was briefed at length in the summary judgment briefing. Kafi sees no reason to rehash its arguments here. To the extent necessary, Kafi adopts and incorporates its arguments from Docket No. 24 related to this issue.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court deny Fairgate Trust and Allied Servicing Corporation's Motion for Reconsideration, and for such other relief as Plaintiff may be justly entitled.

Respectfully submitted,

**JEFFREY JACKSON & ASSOCIATES, PLLC**
2500 E TC Jester Blvd Ste 285

Houston TX 77008-1449
T: (713) 861-8833
F: (713) 682-8866

By:     */s/     Jeffrey C. Jackson*
         **JEFFREY C. JACKSON**
         Texas State Bar No. 24065485
         Southern Admission No. 1024221
         jeff@jjacksonpllc.com
         *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served, via the Court's CM/ECF System, USPS Certified Mail, Fax Transmission, and/or Email to all counsel of record on this 6th day of September, 2024.

**Michael F. Hord Jr.**
mhord@hirschwest.com
**Eric C. Mettenbrink**
emettenbrink@hirschwest.com
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana St Fl 36
Houston TX 77002-2772
T: (713) 220-9182
F: (713) 223-9319
     *Attorneys for Defendants Fairgate Trust and Allied Servicing Corporation*

**Damian G. Waldman**
LAW OFFICES OF DAMIAN G. WALDMAN, P.A.
PO Box 5162
Largo FL 33779-5162
T: (844) 899-4162
F: (844) 882-4703
damian@dwaldmanlaw.com
     *Attorney for Defendant Mortgage Electronic Registration Systems, Inc.*

         */s/     Jeffrey C. Jackson*
         **JEFFREY C. JACKSON**